UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EVER ADONIAS ENAMORADO ENAMORADO

CIVIL ACTION

VERSUS

DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES

NO. 25-00525-BAJ-EWD

# RULING AND ORDER

Before the Court is the Government's **Rule 12(b)(1) Motion To Dismiss**, asking the Court to dismiss Plaintiff's claims for lack of subject matter jurisdiction. (Doc. 6). Plaintiff, who filed his Complaint *pro se,* has not responded to the Motion and the time to do so has passed. (Doc. 1 at 1). For the reasons that follow, Plaintiff's claims will be **DISMISSED WITHOUT PREJUDICE AS MOOT** and the Government's Motion will be **DENIED AS MOOT.**

## I. BACKGROUND AND PROCEDURAL HISTORY

In this case against the U.S. Citizenship and Immigration Services ("USCIS"), Plaintiff asserts three claims.

First, Plaintiff asks the Court to issue an Order compelling a bona fide determination by USCIS on his pending Form I-918, Petition for U Nonimmigrant Status, and/or Form(s) I-918A, Petition for Qualifying Family Member for U-1

Recipient. (Doc. 1 at 1).[1] The Court will refer to Plaintiff's first request as his "U Nonimmigrant Status Bona Fide Determination [BFD] Claim."

Second, Plaintiff asks the Court to issue an Order compelling USCIS to issue an Employment Authorization Document within a certain timeframe. (*See id.*). The Court will refer to Plaintiff's second request as his "Interim Employment Authorization Claim."

Third, Plaintiff asks the Court to issue an Order "compel[ling] USCIS to determine immediately whether Plaintiff should be put on the U status waiting list." (*Id.* ¶ 99). The Court will refer to Plaintiff's third request as his "U Nonimmigrant Status Waiting List Claim."[2]

---

[1] "U Nonimmigrant Status" is also known as a "U-visa" or "U visa." *See Hernandez v. Jaddou*, 792 F. Supp. 3d 739, 742 (S.D. Tex. 2025). "U visas are issued to crime victims who have suffered 'substantial physical or mental abuse' and 'ha[ve] been helpful, [are] being helpful, or [are] likely to be helpful' to law enforcement." *U Visa Appellants v. Dir., U.S. Citizenship & Immigr. Servs.*, No. 24-6824, 2026 WL 2683743, at *2 (9th Cir. Sep. 14, 2026) (citing 8 U.S.C. § 1101(a)(15)(U)(i)–(ii)). Crime victims apply for U visas by filing Form I-918: Petition for U Nonimmigrant Status with USCIS. *I-918, Petition for U Nonimmigrant Status*, U.S. Citizenship & Immigr. Servs., https://www.uscis.gov/I-918 (last visited Sep. 29, 2026). Certain qualifying family members of these crime victims are also eligible for U visas, and such qualifying family members file Form I-918A with USCIS. *Id.*; *see also U Visa Appellants*, 2026 WL 2683743, at *3 (describing how "select qualifying family members (derivatives)" of crime victims are also eligible for U visas).

[2] Although Plaintiff's prayer for relief contained in the Complaint focuses solely on Plaintiff's U Nonimmigrant Status BFD Claim and his Interim Employment Authorization Claim, the Court assumes without deciding that Plaintiff, a pro se litigant, has also asked the Court to "compel[] USCIS to determine immediately whether Plaintiff should be put on the U status waiting list." (Doc. 1 at ¶ 99). *See Coleman v. United States,* 912 F.3d 824, 828 (5th Cir. 2019) ("The filings of a *pro se* litigant are 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'") (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted)). The Court, mindful of justiciability limitations on its power under Article III of the Constitution, refers to this request as Plaintiff's "U Nonimmigrant Status Waiting List Claim" without deciding whether Plaintiff has properly stated this claim. No 12(b)(6) motion was filed in this case, but the Court would not be able to rule on one if Plaintiff's claims are moot. *Ermuraki v. Renaud*, 987 F.3d 384, 385 (5th Cir. 2021).

Plaintiff avers that he filed Forms I-918 and I-918A with USCIS on September 20, 2024, as well as Form I-765, Application for Employment Authorization, on the same date. (*Id.* ¶¶ 16, 17, 21). Plaintiff contends that he filed suit because USCIS has unreasonably delayed adjudication. (*Id.* ¶¶ 22–23, 29).

In response to Plaintiff's Complaint, the Government filed the instant Motion, arguing that the Court lacks subject matter jurisdiction to review discretionary decisions or actions by USCIS under the Immigration and Nationality Act ("INA"). (Doc. 6 at 1). The Government further argues that the processing of a Petition for U Nonimmigrant Status, including interim bona fide determinations and the interim granting of employment authorization documents, are discretionary decisions or actions precluded from judicial review under 8 U.S.C. § 1252(a)(2)(B)(ii). (Doc. 6-1 at 7–8).

On September 23, 2026, the Court took "judicial notice of the fact that the USCIS Case Status Tracker purports to show that the Form I-765 Receipt Number that Plaintiff provided in his Complaint appears to show that Plaintiff received his 'Card' (Employment Authorization Document) on August 7, 2026." (Doc. 18 at 1; Doc. 1 at ¶ 19); *see also A.M.S. v. Edlow*, No. 25-476, 826 F. Supp. 3d 153, 165 (D.D.C. 2026) (taking judicial notice of USCIS Case Status Tracker). Accordingly, the Court ordered the Government to "notify the Court regarding whether any of Plaintiff's claims are now moot on or before Monday, September 28, 2026." (Doc. 18 at 3).

On September 28, 2026, the Government responded that, "[o]n August 3, 2026, USCIS determined [] Plaintiff's Form I-918 to be bona fide, and approved Plaintiff's Form I-765, granting work authorization and deferred action, valid August 3, 2026, until August 2, 2030." (Doc. 19 at 2 (citing Doc. 19-1 ¶ 11)). The Government also responded that "Plaintiff's Form I-918 has been placed back in the queue, prioritized by filing date, to await final adjudication subject to the statutory cap set by Congress for visas allotted to U-1 nonimmigrants." (Doc. 19 at 2 (citing Doc. 19-1 ¶ 12)). Along with its Response, the Government attached a Declaration by Andrew Jensen, Deputy Director for the Nebraska Service Center in the Service Center Operations Directorate of U.S. Citizenship and Immigration Services. (Doc. 19-1). Accordingly, the Government submits that Plaintiff's claims are now moot. (Doc. 19 at 2).

## II. LEGAL STANDARD

It is "well-settled" that "mootness is a threshold jurisdictional inquiry" and can be raised *sua sponte* by federal courts when needed. *Ermuraki v. Renaud*, 987 F.3d 384, 386 (5th Cir. 2021). "In general, a claim becomes moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Id.* (citing *La. Env't Action Network v. U.S. E.P.A.*, 382 F.3d 575, 581 (5th Cir. 2004) (internal citation omitted)). "Mootness applies when intervening circumstances render the court no longer capable of providing meaningful relief to the plaintiff." *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013). "Generally speaking, a court cannot assume that it has jurisdiction and proceed to resolve a case on the merits." *Ermuraki*, 987 F.3d at 386. "If mootness

occur[s] prior to the rendering of final judgment by the district court, *vacatur* and dismissal is automatic" because the Court lacks "Article III jurisdiction to render the judgment." *Id.* at 387 (citing *Goldin v. Bartholow*, 166 F.3d 710, 718 (5th Cir. 1999)).

"Before ruling on the merits of the case, it is imperative that the court first determine whether it has jurisdiction to hear the suit; if jurisdiction is lacking, then the court has no authority to consider the merits." *Cook v. Reno*, 74 F.3d 97, 99 (5th Cir. 1996). Here, the Court cannot consider the Government's legal arguments in its Rule 12(b)(1) Motion To Dismiss unless Plaintiff's claims remain "live" or Plaintiff has a "legally cognizable interest" in the outcome of the suit. *Ermuraki*, 987 F.3d at 386 (citing *La. Env't Action Network*, 382 F.3d at 581).

## III. DISCUSSION

Because USCIS has provided Plaintiff the relief he seeks, his claims will be dismissed as moot. In its supplemental briefing, the Government has shown via Declaration that USCIS has acted on both Plaintiff's U Nonimmigrant Status Bona Fide Determination Claim and Interim Employment Authorization Claim.[3] (Doc. 19 at 2; Doc. 19-1). Accordingly, these claims must be **DISMISSED AS MOOT.**

The Government, however, failed to address Plaintiff's third claim—his U Nonimmigrant Status Waiting List Claim. In a similar case, *Vimal S. P. v. Garland*,

[3] The Government represents: "On August 3, 2026, USCIS determined [] Plaintiff's Form I-918 to be bona fide, and approved Plaintiff's Form I-765, granting work authorization and deferred action, valid August 3, 2026, until August 2, 2030." (Doc. 19 at 2 (citing Doc. 19-1 at ¶ 11)). In other words, Plaintiff's Bona Fide Determination Claim and Interim Employment Authorization Claim have already been adjudicated by USCIS, so they are not "live." *Ermuraki*, 987 F.3d at 386 (ordering that a case involving USCIS adjudication be dismissed as moot).

the U.S. District Court for the Southern District of Texas emphasized that those "Plaintiffs whose BFD and Employment Authorizations were resolved can no longer complain about delays." *Vimal S. P. v. Garland*, No. 4:24-cv-04002, 2025 WL 2774400, at *5 (S.D. Tex. Sep. 26, 2025) (Ho, M.J.). The *Vimal* Court also held that plaintiffs seeking U Nonimmigrant Status who received BFD and Employment Authorizations "cannot complain about waiting-list placement because 'USCIS generally does not conduct waiting list adjudications for [noncitizens]' who received BFD and Employment Authorizations." *Id.* (citing *Policy Manual*, Vol. 3, Part C, Ch. 5, https://perma.cc/4HE2-63QC).[4] As a result, the *Vimal S.P.* Court dismissed those plaintiffs' claims as moot. *Id.*

Here, the same result must issue. Therefore, because USCIS's "intervening" adjudications "render the [C]ourt no longer capable of providing meaningful relief to the [P]laintiff[,]" the Court will also **DISMISS** Plaintiff's U Nonimmigrant Status Waiting List Claim **AS MOOT**. *See Ctr. for Biological Diversity, Inc.*, 704 F.3d at 425.

---

[4] USCIS's *Policy Manual* sets forth that "USCIS generally does not conduct waiting list adjudications" for noncitizens once USCIS "first determines whether a pending petition" for U Nonimmigrant Status is "bona fide" and later "grants the alien a Bona Fide Determination Employment Authorization Document (BFD EAD)." *Policy Manual*, Vol. 3, Part C, Ch. 5, https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5 (last visited Sep. 29, 2026). Instead, the *Policy Manual* outlines that the "next adjudicative step" for petitioners who have received a Bona Fide Determination and a Bona Fide Determination Employment Authorization Document is "final adjudication when space is available under the statutory cap." *Id.*

Here, the Government submits that "Plaintiff's Form I-918 has been placed back in the queue, prioritized by filing date, to await final adjudication subject to the statutory cap set by Congress for visas allotted to U-1 nonimmigrants." (Doc. 19 at 2) (citing Doc. 19-1 at ¶12).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's U Nonimmigrant Status Bona Fide Determination Claim, Plaintiff's Interim Employment Authorization Claim, and Plaintiff's U Nonimmigrant Status Waiting List Claim, be and hereby are **DISMISSED WITHOUT PREJUDICE AS MOOT.**

**IT IS FURTHER ORDERED** that, because the Court has dismissed Plaintiff's claims as moot, the Government's **Rule 12(b)(1) Motion To Dismiss (Doc. 6)** is **DENIED AS MOOT.**

Final judgment shall issue separately.

Baton Rouge, Louisiana, this 30th day of September, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**